UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Yevette Waters, individually and on behalf of all others similarly situated, Plaintiff(s) -v.- Keith D. Weiner & Associates Co., L.P.A. Defendant(s). | Case No: **CLASS ACTION COMPLAINT** **DEMAND FOR JURY TRIAL** |

Plaintiff Yevette Waters ("Plaintiff"), brings this Class Action Complaint by and through her attorneys, Zukowsky Law, LLC, against Defendant Keith D. Weiner & Associates Co., L.P.A. ("Weiner Firm"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). The Act was promulgated because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). After determining that the existing consumer

1

protection laws were inadequate, *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Ohio, County of Lucas.

8. Defendant Weiner Firm is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

9. Weiner Firm has an address at 1100 Superior Avenue East, Suite 1100, Cleveland, OH 44144.

10. Upon information and belief, Defendant Weiner Firm is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is the practice of law attempting to collect debts.

11. Weiner Firm's website describes it as "A Leading Creditors' Rights Law Firm".

12. It also describes itself as "a leader in consumer, commercial and governmental debt collection".

## CLASS ALLEGATIONS

13. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14. The Class consists of all individuals:

   a. with addresses in the State of Ohio;

   b. to whom Defendant Weiner Firm sent a letter;

   c. attempting to collect a consumer debt;

   d. that states the amount due may vary due to interest;

   e. although no interest is being charged; and

   f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

15. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it attempts to collect and/or has purchased debts.

16. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

18. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A violate 15 U.S.C. §§ 1692e and 1692f.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal

      issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22. Plaintiff repeats the above allegations as if set forth here.

23. Some time prior to April 28, 2021, Plaintiff allegedly incurred an obligation to non-party Ford Motor Credit Company, LLC f/k/a Ford Motor Credit Company ("Ford").

24. This alleged debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a (5), specifically for a personal car.

25. Ford is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

26. Upon information and belief, Ford retained Defendant Weiner Firm to collect the alleged debt.

27. Defendant Weiner Firm collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of itself or other creditors using the United States Postal Services, telephone and internet.

*Violation – April 28, 2021 Collection Letter*

28. On or about April 28, 2021, Defendant Weiner Firm sent Plaintiff a collection letter. A copy of this letter is attached as Exhibit A.

29. The Letter states that the Amount Due is $4,544.21.

30. The Letter further states:

> As of the date of this letter, you owe the balance stated above. Because of interest and other charges that may vary from day to day, the amount due on the day you pay may be greater.

31. The Letter states interest is being charged on the Account.

32. However, Defendant is not charging interest on the Account.

33. Subsequent to the date of the Letter, the amount demanded by Defendant had not changed.

34. Contrary to the Letter the balance will not vary.

35. Stating that the balance may increase is merely a deceptive collection tactic intended to intimidate and coerce Plaintiff into paying immediately.

36. The Letter led Plaintiff to believe the Amount Due was rising.

37. Plaintiff desired to pay the debt much sooner than otherwise, due to this misinformation.

38. During this time, Plaintiff was gripped with fear and emotionally distraught.

39. The letter materially misled Plaintiff because a consumer with two equal-amount debts, one of which is getting larger (dynamic) and one of which will never get larger (static), will pay the dynamic debt first.

40. A collector cannot imply or suggest that there may be additional charges when in fact there will not be additional charges.

41. That false advice could incentivize the consumer to pay the debt at a time when, if accurately advised, she would not.

42. Interest is the quintessential example of an ambiguity that could cause a consumer to pay as a means of avoiding its accrual.

43. Plaintiff suffered emotional damages due to Defendant's actions.

44. Plaintiff relied on the statements in the Letter in that she was unable to discern the amount of this alleged debt.

45. Because she was unable to ascertain from the Letter its true amount and whether it was rising, Plaintiff was unable to make payment thereon.

46. Because of the misleading or false information in the Letter, Plaintiff suspected the Letter may be fraudulent or suspect, on whole or in part.

47. Plaintiff is unable to evaluate how much debt was being collected.

48. Plaintiff was therefore unable to properly evaluate the demand for payment or how to address it.

49. Plaintiff was therefore unable to make payment on the debt.

50. The funds Plaintiff would have used to pay some or all of this alleged debt were therefore spent elsewhere.

51. Plaintiff was therefore left with less funds with which to pay off this debt once the facts were sorted out, if it turned out that she did indeed owe the debt, and once she determined the real amount due.

52. Defendant's conduct prevented Plaintiff from acting in the ways she would have otherwise acted had Defendant's letter not been improper.

53. Plaintiff was unable to properly respond as it would be foolhardy for Plaintiff to pay some or all of this debt when the Letter itself demanding payment was incorrect.

54. Defendant's actions caused Plaintiff to suspect there was fraud involved with this collection.

55. Because of Defendant's improper acts, Plaintiff expended time and money in determining the proper course of action.

56. She spent this trying to determine how much was owed on the debt.

57. She spent this trying to determine whether interest was accruing on the debt.

58. She spent this trying to determine if interest was accruing, whether that interest was being charged.

59. She spent this trying to figure out if the Letter was in fact just a scam or whether it was based on a real debt.

60. During this time, and because of this, Plaintiff suffered emotional harm due to Defendant's improper acts.

61. Plaintiff suffered from fear, anxiety, and stress, suspecting a fraudulent collection.

62. Plaintiff suffered from fear, anxiety, and stress, as it appeared that someone was coming after her collecting on a debt greater than stated in the Letter.

63. Plaintiff suffered from fear, anxiety, and stress, as the Letter seemed to be collecting on a rising debt.

64. Plaintiff suffered from fear, anxiety, and stress, as the Letter did not explain these issues and actually made the facts even more muddled.

65. Plaintiff also disputes the amount of this alleged debt.

66. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

67. The harms caused by Defendant have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

68. As it relates to this case, the common-law analogues are to the traditional torts of misrepresentation, malicious prosecution, wrongful use of civil proceedings, abuse of process, intimidation, negligent infliction of emotional distress, and fraud.

69. The common-law torts of malicious prosecution, wrongful use of civil proceedings, and abuse of process cause harm as the individual is compelled to defend against a fabricated claim which subjects her to the panoply of psychological pressure; a normal person subjected to this suffers at least some damages.

70. A party may pursue a wrongful civil litigation claim without showing any special kind of injury.

71. Conceptually, the tort of fraud is an interference with another's interest in being able to make certain kinds of decisions in certain settings free of misinformation generated by others.

72. Defendant showed a reckless disregard for causing Plaintiff to suffer from emotional distress.

73. Intimidation includes "unlawful coercion" and "putting [another] in fear". Black's Law Dictionary 1990.

74. The fear of the victim need not be so great as to result in terror, panic, or hysteria. Id.

75. Recovery may be had under the common law for negligent infliction of emotional distress without a showing of physically manifested harm.

76. For purposes of this action, only a close relationship to common-law harm needed, not an exact duplicate.

77. Plaintiff is entitled to receive proper notice of the details of the debt, and specifically not information that clouds or conceals this, as required by the FDCPA.

78. Defendant failed to effectively inform Plaintiff of this information, and in fact attempted to conceal it, in violation of the law.

79. The FDCPA ensures that debtors will use accurate, non-misleading information in choosing how to respond to collection attempts and how to manage and repay their debts.

80. The letter is false, deceptive, and misleading as to the amount of the debt.

81. The letter is false, deceptive, and misleading as to whether the balance on the debt is rising.

82. It is deceptive to state the balance may rise when it will not.

83. These false, deceptive, or misleading actions prevent Plaintiff from determining how much debt is being demanded here, whether that amount will rise, and the possible benefits and/or detriments to the consumer of these relevant facts.

84. Plaintiff was therefore unable to evaluate her options of how to handle this debt.

85. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

86. In addition, Plaintiff suffered emotional harm due to Defendant's improper acts.

87. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

88. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

89. Defendant's deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

90. As described above, Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

91. As described above, Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

92. As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

93. Plaintiff repeats the above allegations as if set forth here.

94. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

95. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

96. Defendant violated said section by:

    a. Making a false and misleading representation in violation of §§ 1692e and 1692e(10) stating or implying the debt would increase although it did not;

    b. Falsely representing the character, amount or legal status of the debt in violation of § 1692e (2); and

    c. Threatening to take an action that it did not intend to take, in violation of § 1692e (5).

97. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, *et seq*. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq*

98. Plaintiff repeats the above allegations as if set forth here.

99. Alternatively, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

100. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

101. Defendant violated this section by unfairly stating that interest would accrue although Defendant never intended to collect such interest.

102. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f, et seq. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

103. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Yevette Waters, individually and on behalf of all others similarly situated, demands judgment from Defendant Weiner Firm, as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Amichai Zukowsky, Esq., as Class Counsel;

b) Awarding Plaintiff and the Class statutory damages;

c) Awarding Plaintiff and the Class actual damages;

d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: February 16, 2022

Respectfully submitted,

Zukowsky Law, LLC

By: /s/Amichai Zukowsky
Amichai Zukowsky, Esq.
23811 Chagrin Blvd, Suite 160
Beachwood, OH 44122
P. (216) 800-5529
ami@zukowskylaw.com

*Attorneys for Plaintiff*